IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE, WESTERN DIVISION

| | |
|---|---|
| DAVID HOLZEMER AND DOWNTOWN BUGGY, L.L.C, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF MEMPHIS, MONIQUE CAMPBELL, LILLI JACKSON, JEREMY DREWERY, COUNTY OF SHELBY, and UNKNOWN JOHN DOE EMPLOYEES OF THE COUNTY OF SHELBY, STATE OF TENNESSEE and UNKNOWN JOHN DOE EMPLOYEES OF THE STATE OF TENNESSEE <br><br> Defendants. | Docket No. <br><br> JURY DEMANDED |

## COMPLAINT

Come now the Plaintiffs, David Holzemer and Downtown Buggy, L.L.C. for Complaint against Defendants, City of Memphis, Monique Campbell, Lilli Jackson, Jeremy Drewery, County of Shelby, unknown John Doe employees of the County of Shelby, State of Tennessee and unknown John Doe employees of the State of Tennessee, and seeking injunctive relief, lost profits, compensatory damages, punitive damages, and other remedies.

## NATURE OF CASE

1.    This action arises under 42 U.S.C. § 1983, the Fourth Amendment, Fifth Amendment, Eighth Amendment, and Fourteenth Amendment to the Constitution of the United States.  It further rises under Article I, §§ 7 and 8 of the Tennessee Constitution, T.C.A. § 29-20-101, et seq., T.C.A. § 8-8-301, et seq., and under Tennessee common law.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over the claims arising under the Fourth Amendment, Fifth Amendment, Eighth Amendment, and Fourteenth Amendment and under 42 U.S.C. § 1983 pursuant to 28 U.S.C. §§ 1331 and 1343.  This Court has jurisdiction over the state causes of actions pursuant to 28 U.S.C. § 1367 (a), federal common law and Rule 18 of the Federal Rules of Civil Procedure.  The incidents in this complaint all took place in Memphis, Shelby County, Tennessee.  Venue is therefore proper in this judicial district.

## PARTIES

3.

(a) David Holzemer ("Holzemer") is a resident citizen of Shelby County, Tennessee.

(b) Downtown Buggy, L.L.C. was a Tennessee limited liability company with its principal place of business located in the City of Memphis, Shelby County, Tennessee.

(c) Defendant, City of Memphis, is an incorporated municipality located in Shelby County, Tennessee;

(d) Defendant, Sgt. Monique Campbell is a resident of Shelby County, Tennessee and an employee of the City of Memphis;

(e) Defendant, Lilli Jackson, is a resident of Shelby County, Tennessee and an employee of the City of Memphis;

(f) Defendant, Shelby County, is a county government organized within the State of Tennessee;

(g) Defendant, Detective Jeremy Drewery is a resident of Shelby County, Tennessee and an employee of the County of Shelby;

(h) Defendant State of Tennessee is a governmental entity.

(i) Defendants, unknown John Doe employees of the County of Shelby reside in the State of Tennessee and work and live in Shelby County, Tennessee.

(j) Defendants, unknown John Doe employees of the State of Tennessee reside in the State of Tennessee and work and live in Shelby County, Tennessee.

## FACTUAL ALLEGATIONS

4.  In January, 2003, Holzemer, along with founding members, formed Downtown Buggy, L.L.C. ("Downtown Buggy").

5.  In March, 2003, the Plaintiff Downtown Buggy applied for a permit to operate its business in the City of Memphis ("City"). Downtown Buggy consists of a fleet of motorized buggies, which provides transportation for customers. The City of Memphis Permit Office ("Permit Office") required a public convenience and necessity hearing prior to issuing the permit. The permit hearing was not held until August, 2003. The permit to operate Downtown Buggy was granted on or about August 19, 2003.

3

6. Downtown Buggy, L.L.C. began operating in August, 2003. Defendant Sgt. Monique Campbell ("Campbell") of the Permit Office prevented drivers for Downtown Buggy, L.L.C. from having the same privileges as similarly situated transportation vehicles in the City. Lilli Jackson ("Jackson") was the permits and license manager and supervised Campbell in her duties. Campbell told the drivers they could not pick up patrons in front of the Pyramid, which forced Downtown Buggy patrons to walk several blocks for service. Holzemer met with City Councilman, Ricky Peete and the matter was resolved by allowing Downtown Buggy to pick up and drop patrons off at the main entrance of the Pyramid and proceed southbound on Front Street after pick up or drop off. However, a few months later, Campbell told the drivers of Downtown Buggy they would not be able to pick up patrons at the main entrance of the Pyramid in order to make room for more buses and limousines.

7. Downtown Buggy renewed its permit in March, 2004. Downtown Buggy received a notice from the State of Tennessee ("State") that the buggies did not need to have license plates because they were off road utility vehicles and that a refund for license fees would be made. Downtown Buggy returned the license plates to the State and continued to operate without license plates until March, 2005.

8. The Permit Office denied Downtown Buggy's permit renewal on the basis that the vehicles no longer had license plates. Holzemer exhibited the notice from the State and explained to the Permit Office that the State did not require the vehicles to have license plates. Holzemer offered to provide alternate means of vehicle identification, which were rejected by the Permit Office. In order to continue its business operations, Downtown Buggy requested the State to issue license plates for the vehicles. The State granted the request and issued license plates for the buggies.

9. On or about April 6, 2005, Holzemer met with Campbell to renew Downtown Buggy's permit. Although Downtown Buggy had complied with the Permit Office's requirement of obtaining license plates for the buggies, the permit was not renewed. Another meeting was scheduled for the following day, April 7, 2005. Holzemer retained an attorney to accompany him to the meeting. Holzemer, Campbell, Major Langolier, J. Amos, Wayne Holzemer, Michael New, Brian Reed, and Lilli Jackson were present at the meeting. Downtown Buggy's permit was issued within several days of the meeting. Business had been interrupted for two weeks due to the delay in renewing the permit.

10. Downtown Buggy's drivers were harassed by Memphis City Police in the following weeks. On one occasion, two drivers were pulled from their buggies and placed in a police car while they had patrons in their buggies. Downtown Buggy drivers were restricted in their service to patrons at the FedEx Forum in a manner similar to the earlier restrictions regarding service at the Pyramid.

11. In June, 2005, the Permit Office required Downtown Buggy drivers to attend a public safety meeting and was told via a hand deliver letter that all drivers would have to wear helmets.

12. On July 14, 2004, at approximately 10:30 a.m., Holzemer was at his place of business at 925 Linden Avenue, Memphis, Tennessee. Several unmarked SUV's pulled into the parking lot and the men who got out of the vehicles cornered Holzemer, drew their guns and asked Holzemer to sign a consent to search form. The men identified themselves as Federal Bureau of Investigation agents, however, it is believed that they were actually Tennessee Bureau of Investigation employees working on a task force with Shelby County ("County") and the City. Holzemer signed the consent form and the premises were searched. Campbell arrived and jeered

at Holzemer. During the search, Detective Jeremy Drewery ("Drewery") accused Holzemer of changing vehicle identification numbers on his buggies. Holzemer offered to show Drewery the titles, license plates, registrations, bills of sale and the company books in order to show that his vehicles did not fall under the statute regarding the alteration of vehicle identification numbers. Drewry refused to look at the documents. Holzemer's buggies were confiscated and placed in a City impound lot. Holzemer was detained and questioned for approximately three hours in a City Police Office. During questioning, when Holzemer asked to call his attorney, Drewery informed Holzemer that if he contacted his attorney, he would definitely go to jail that day. When his questioning was over, he was put outside without transportation.

13. In October of 2005, Holzemer became aware that warrants for his arrest had been issued on or about August 5, 2005 following the July 14, 2005 incident. The warrants were outstanding, so Holzemer retained an attorney to handle the criminal charges. Holzemer turned himself in, was processed, and bail was set at One Thousand Dollars ($1,000) per vehicle for a total of ten thousand dollars ($10,000). Even though ten buggies were seized, only two were in question. Following a hearing in November 21, 2005, Holzemer was exonerated of any wrongdoing. The General Sessions Criminal Division Judge held that the statute, T.C.A. § 55-5-108 did not apply to the Plaintiff's buggies and that there was no probable cause to arrest Holzemer or confiscate his buggies. The General Sessions Order of Expungement of Criminal Offender Record recites "dismissed no probable cause".

14. Downtown Buggy's vehicles were impounded by the City on July 14, 2005, and the buggies were not released for several days following Holzemer's exoneration on November 21, 2005, despite his numerous requests for release of the buggies. The buggies had been stored outside and were damaged by weather and rough treatment. The buggies will need to be

6

replaced before Downtown Buggy can resume its business operations. Downtown Buggy, has been prevented from operating from July 14, 2005 to the present time.

## COUNT ONE
### USED EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT TO THE U.S. CONSTITUTION

1. Plaintiffs adopt and re-allege all of the allegations contained in the foregoing paragraphs as if set forth fully herein.

2. Unknown John Doe employees of the State of Tennessee, Unknown John Doe employees of the County of Shelby, Defendant Drewery, and Defendant Campbell used excessive force in drawing their weapons on the Plaintiff without justification in a non-emergency, administrative investigation.

## COUNT TWO
### DETAINED THE PLAINTIFF WITHOUT PROBABLE CAUSE IN VIOLATION OF THE FOURTH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 7 AND 8 OF THE TENNESSEE CONSTITUTION

1. Plaintiffs adopt and re-allege all of the allegations contained in the foregoing paragraphs as if set forth fully herein.

2. Unknown John Doe employees of the State of Tennessee, Unknown John Doe employees of the County of Shelby, Defendant Drewery, and Defendant Campbell detained and questioned the Plaintiff without probable cause while ignoring the Plaintiff's attempts to give evidence of his innocence by showing his titles, license plates, registrations, bills of sale and the company books in order to show that his vehicles did not fall under the statute regarding the alteration of vehicle identification numbers.

## COUNT THREE
### SEIZED PLAINTIFF'S PROPERTY WITHOUT PROBABLE CAUSE IN VIOLATION OF THE FOURTH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 7 AND 8 OF THE TENNESSEE CONSTITUTION

1. Plaintiffs adopt and re-allege all of the allegations contained in the foregoing paragraphs as if set forth fully herein.

2. Unknown John Doe employees of the State of Tennessee, Unknown John Doe employees of the County of Shelby, Defendant Drewery, and Defendant Campbell seized the Plaintiff's buggies without probable cause while ignoring the Plaintiff's attempts to give evidence of his innocence by showing his titles, license plates, registrations, bills of sale and the company books in order to show that his vehicles did not fall under the statute regarding the alteration of vehicle identification numbers.

## COUNT FOUR
### VIOLATED PLAINTIFF'S PROCEDURAL DUE PROCESS IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION

1. Plaintiffs adopt and re-allege all of the allegations contained in the foregoing paragraphs as if set forth fully herein.

2. Unknown John Doe employees of the State of Tennessee, Unknown John Doe employees of the County of Shelby, Defendant Drewery, and Defendant Campbell seized the Plaintiff's buggies and denied him the privilege of operating his business from July 14, 2005 to the present without procedural due process of law.

## COUNT FIVE
### VIOLATED PLAINTIFF'S RIGHT TO COUNSEL IN VIOLATION OF THE FIFTH AMENDMENT TO THE U.S. CONSTITUTION

1.   Plaintiffs adopt and re-allege all of the allegations contained in the foregoing paragraphs as if set forth fully herein.

2.   Unknown John Doe employees of the State of Tennessee, Unknown John Doe employees of the County of Shelby, Defendant Drewery, and Defendant Campbell denied Plaintiff's right to counsel by threatening him with going to jail if he contacted his attorney during questioning.

### COUNT SIX
### DENIED PLAINTIFF EQUAL PROTECTION IN VIOLATION OF FOURTEENTH AMENDMENT TO THE U.S.CONSTITUTION

1.   Plaintiffs adopt and re-allege all of the allegations contained in the foregoing paragraphs as if set forth fully herein.

2.   Unknown Defendants John Doe employees of the State of Tennessee, Defendant County, Unknown Defendants John Doe employees of the County of Shelby, Defendant Drewery Defendant City, Defendant Jackson, and Defendant Campbell deprived the Plaintiff the same equal opportunity to operate his business as similarly situated businesses in Memphis, Tennessee.

### COUNT SEVEN
### FALSELY IMPRISONED PLAINTIFF

1.   Plaintiffs adopt and re-allege all of the allegations contained in the foregoing paragraphs as if set forth fully herein.

2.  Unknown John Doe employees of the State of Tennessee, Unknown Defendants John Doe employees of the County of Shelby, Defendant Drewery, and Defendant Campbell falsely imprisoned the Plaintiff by detaining him against his will without probable cause.

## COUNT EIGHT
### FALSELY ARRESTED PLAINTIFF IN VIOLATION OF THE FOURTH AMENDMENT TO THE U.S. CONSTITUTION

1.  Plaintiffs adopt and re-allege all of the allegations contained in the foregoing paragraphs as if set forth fully herein.

2.  Unknown John Doe employees of the State of Tennessee, Unknown John Doe employees of the County of Shelby, Defendant Drewery, and Defendant Campbell falsely arrested the Plaintiff by restricting his movements and personal freedom from July 14, 2005 until his exoneration on November 21, 2005.

## COUNT NINE
### MALICIOUSLY PROSECUTED THE PLAINTIFF IN VIOLATION OF THE FOURTH AMENDMENT TO THE CONSTITUTION

1.  Plaintiffs adopt and re-allege all of the allegations contained in the foregoing paragraphs as if set forth fully herein.

2.  Unknown John Doe employees of the State of Tennessee, Unknown Defendants John Doe employees of the County of Shelby, Defendant State, Defendant County, Defendant Drewery, Defendant City and Defendant Campbell maliciously prosecuted the Plaintiff without probable cause.

## COUNT TEN
## SET EXCESSIVE BAIL IN VIOLATION OF THE EIGHTH AMENDMENT TO THE CONSTITUTION

1. Plaintiffs adopt and re-allege all of the allegations contained in the foregoing paragraphs as if set forth fully herein.

2. Unknown John Doe employees of the State of Tennessee, Defendant State, Unknown Defendants John Doe employees of the County of Shelby, Defendant County, Defendant Drewery, Defendant City and Defendant Campbell caused excessive bail to be set in the amount of $10,000 for a non-violent offense, for a citizen with no criminal record, and in the absence of probable cause.

## COUNT ELEVEN
## CONVERTED AND DESTROYED PLAINTIFF'S PROPERTY

1. Plaintiffs adopt and re-allege all of the allegations contained in the foregoing paragraphs as if set forth fully herein.

2. Unknown John Doe employees of the State of Tennessee, Defendant State, Unknown Defendants John Doe employees of the County of Shelby, Defendant County, Defendant Drewery, Defendant City, and Defendant Campbell seized and refused to return Plaintiff's buggies. Plaintiff's buggies were eventually returned in a damaged condition.

## COUNT TWELVE
## NEGLIGENTLY TRAINED LAW ENFORCEMENT OFFICERS

1. Plaintiffs adopt and re-allege all of the allegations contained in the foregoing paragraphs as if set forth fully herein.

2. The State, County and City negligently trained their law enforcement officers in the manner in which they were to conduct administrative investigations and other law enforcement duties.

## COUNT THIRTEEN
### NEGLIGENTLY SUPERVISED LAW ENFORCEMENT OFFICERS

1. Plaintiffs adopt and re-allege all of the allegations contained in the foregoing paragraphs as if set forth fully herein.

2. The State, County and City negligently supervised their law enforcement officers in the conduct of administrative investigations and other law enforcement duties.

## COUNT FOURTEEN
### NEGLIGENTLY IMPLEMENTED PERMIT PROGRAM

1. Plaintiffs adopt and re-allege all of the allegations contained in the foregoing paragraphs as if set forth fully herein.

2. The City negligently trained and negligently supervised its employees in the implementation of the permit program.

## COUNT FIFTEEN
### INFLICTED EMOTIONAL DISTRESS

1. Plaintiffs adopt and re-allege all of the allegations contained in the foregoing paragraphs as if set forth fully herein.

2. Unknown John Doe employees of the State of Tennessee, Unknown Defendants John Doe employees of the County of Shelby, Defendant State, Defendant County, Defendant Drewery, Defendant City, and Defendant Campbell negligently or intentionally inflicted

emotional distress upon the Plaintiff by their outrageous conduct in depriving him of his liberty, property, and livelihood without due process of law, without probable cause and with the use of unreasonable and excessive force.

### PRAYER FOR RELIEF

15. **WHEREFORE PREMISES CONSIDERED**, Plaintiffs pray that this Court:

1. Award Plaintiffs for compensatory damages in the amount of Five Hundred Thousand Dollars ($500,000) and punitive damages in the amount of Five Million Dollars ($5,000,000);

2. Award Plaintiffs their attorney fees, expenses, costs, and expert witness fees pursuant to 42 U.S.C. § 1988 and other applicable statutes and laws;

3. Restore Plaintiffs' City of Memphis permits for the operation of Downtown Buggy, L.L.C.

4. Award Plaintiffs such further and general relief as the justness of their cause merits.

BATEMAN GIBSON, L.L.C.

/s/ Joni K. Roberts
Joni K. Roberts (#23027)
William C. Bateman, Jr. (#7655)
65 Union Avenue, Suite 1010
Memphis, TN 38103
901/526-0412
901/525-8466 (fax)

By: /s/Joni K. Roberts
Attorneys for David Holzemer and Downtown Buggy, L.L.C.